UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN LAKES,

                                  Plaintiff,

      vs.                                                       9:09-CV-1171
                                                                    (DNH/ATB)

CHAPLIN,

                                  Defendant.
_____

KEVIN LAKES, Plaintiff *pro se*
CHARLES J. QUACKENBUSH, Asst. Attorney General for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter was referred by U.S. District Judge David N. Hurd, for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). The case was transferred to me on January 4, 2010, following the retirement of U.S. Magistrate Judge Gustave J. Di Bianco. (Dkt. No. 8).

      In this civil rights complaint, plaintiff alleges that defendant denied plaintiff his right to practice his religion as protected by the First Amendment. Plaintiff seeks one hundred fifty thousand dollars in damages, as well as injunctive relief. Presently before the court is defendant's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). (Dkt. No. 16). Plaintiff has responded in opposition to the motion. (Dkt. No. 19). For the following reasons, this court agrees with defendant and recommends dismissal of this action, without prejudice, for failure to exhaust administrative remedies.

## DISCUSSION

### I. Facts and Procedural History

At approximately 5:30 a.m. on October 7, 2009, plaintiff was in the bathroom at Washington Correctional Facility. (Compl. ¶ 6). Plaintiff was brushing his teeth and washing up when defendant Chaplin gave him a direct order to stop doing so until after 6 a.m. (Compl. ¶ 6). Plaintiff, a muslim, explained that he was washing up before morning prayer, which was to occur at 5:41 a.m. *Id.* Defendant Chaplin told plaintiff that washing up and brushing his teeth were not necessary for prayer, "You just pray." *Id.* Plaintiff alleges that defendant Chaplin was acting out of retaliation for a grievance plaintiff had previously filed against defendant Chaplin on September 23, 2009. *Id.*

### II. Judgment on the Pleadings

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted). *See* Fed. R. Civ. P. 12(b), 12(c) and 12(h)(2). The motion for judgment on the pleadings is then treated according to the same standard as a motion to dismiss under Rule 12(b)(6). *Id.*

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat *pro se* pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits, and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the motion to one for summary judgment). Finally, in the case of a motion to dismiss involving a *pro se* plaintiff, the court may look beyond the complaint to plaintiff's opposition papers. *See Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (citation omitted).

In his motion to dismiss, defendant argues that plaintiff has failed to exhaust his

administrative remedies. (Dkt. No. 16). Plaintiff argues that he "was disabled from exhausting his remedies, because at every level there was someone who would overlook what was happening, and partake in the coverup or concealment, and distorting [sic] the true facts." (Dkt. No. 19, p. 8).[1]

## III. Exhaustion of Administrative Remedies

### A. Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal action. This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes and regardless of the subject matter of the claim. *See e.g. Giano v. Goord*, 380 F.3d 670, 675–76 (2d Cir. 2004). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675. The failure to exhaust is an affirmative defense that must be raised by the defendants. *See Jones v. Bock*, 529 U.S. 199, 216 (2007); *Scott v. Del Signore*, 2005 U.S. Dist. LEXIS 6070, *12–15 (W.D.N.Y. Feb. 18, 2005) (citing *inter alia Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004)). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *Id.* at *12–13 (citing *Giano,* 380 F.3d at 675).

In *Jones v. Bock*, 549 U.S. 199, 218–19 (2007), the Supreme Court held that in

---

[1] Plaintiff did not number the pages in his response, so the court will refer to information in plaintiff's response by the page number assigned by the Case Management/Electronic Court Files (CM/ECF) system.

4

order to properly exhaust an inmate's administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90–103. In *Woodford*, the Court concluded that the inmates did not properly exhaust their administrative remedies when their grievances were dismissed because the inmates had missed the deadlines set forth in the grievance procedure. *Id.* at 93.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee (IGRC). N.Y. COMP. CODES R. & REGS., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee (CORC). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility).

At the same time that the Second Circuit decided *Giano*, it also decided four other related cases, clarifying the law in the Second Circuit regarding the PLRA's exhaustion requirement and specifying various instances in which the requirement

5

could be waived or excused.  *See Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004) (remanding case to determine if defendant's alleged threats constituted "special  circumstances" that justified plaintiff's failure to exhaust); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004) (whether failure to exhaust may be justified because plaintiff obtained favorable rulings on his grievances, but the relief that he was supposed to obtain was never forthcoming); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004) (whether including claims in a disciplinary appeal may suffice for the exhaustion requirement); *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004) (complete dismissal is not required when plaintiff brings both exhausted and unexhausted civil rights claims).

Pursuant to these cases, the Second Circuit developed a "three part inquiry" to determine whether an inmate fulfilled the PLRA exhaustion requirement.  *See Brownell v. Krom*, 446 F.3d 305, 311–12 (2d Cir. 2006) (citing *Hemphill*, 380 F.3d at 686).  The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether special circumstances justify the inmate's failure to comply with the exhaustion requirement.  *Id.*

Even after *Woodford*, courts have continued to assume that there are exceptions to the exhaustion requirement, particularly where defendants' conduct is such that they will be estopped from asserting the defense.  *See Smart v. Goord*, 04 Civ. 8850, 2008 U.S. Dist. LEXIS 16053, *5–7 (S.D.N.Y. March 3, 2008) (citing *Ziemba v. Wezner*, 366 F.3d 161, 162 (2d Cir. 2004) (plaintiff claimed, *inter alia*, that prison

6

officials beat him, threatened him, and denied him grievance forms)); *Amador v. Superintendents of the Dep't of Correctional Svcs.*, 03 Civ. 650, 2007 U.S. Dist. LEXIS 89648, *14–24 (S.D.N.Y. Dec. 4, 2007) (discussing viability of exceptions to exhaustion after *Woodford v. Ngo*).

In *Macias v. Zenk*, 495 F.3d 37 (2d Cir. 2007), the Second Circuit cited *Woodford*, and also considered whether the defendants' actions would have estopped them from asserting the defense of non-exhaustion. In *Davis v. State of New York*, the Second Circuit continued to utilize this three-part test to determine whether a plaintiff properly exhausted his remedies.[2] *Davis v. State of New York*, 311 Fed. Appx. 397, 399 (2d Cir. 2009). In *Shariff v. Coombe*, the district court stated that although there was "some doubt" regarding the "viability" of the Second Circuit's three-part inquiry after *Woodford*, it did not address the issue, finding that the plaintiff had not shown that exhaustion should be excused in any event. *Shariff v. Coombe*, 655 F. Supp. 2d 274, 285–86 n7 (S.D.N.Y. 2009). *See also Mateo v. Alexander*, 2010 U.S. Dist. LEXIS 11270, *12 n.3 (S.D.N.Y Feb. 9, 2010) (discussing the lack of a definitive ruling regarding exceptions to exhaustion requirement after *Woodford*). As discussed

---

[2] This court also notes that, based upon the concurring opinion in *Woodford*, it appears that the Second Circuit decisions have *not* been overruled in that respect. In his concurring opinion in *Woodford*, Justice Breyer specifically noted that two circuits, the *Second* Circuit and the Third Circuit that have interpreted the PLRA "in a manner similar to that which the [Supreme] Court today adopts [in *Woodford*] have concluded that the PLRA's proper exhaustion requirement is not absolute." *Woodford*, 548 U.S. at 104 (citing *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004); *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004)) (Breyer, J. concurring). Justice Breyer then stated that on remand, the lower court should "similarly" consider any claims that the inmate might have concerning whether his case "falls into a *traditional exception that the statute implicitly incorporates*." *Id.* (emphasis added). This statement implies that there are still exceptions that a court may consider.

below, this court finds that plaintiff has not exhausted his administrative remedies and has not shown that the exhaustion requirement should be excused. Thus, plaintiff's case should be dismissed regardless of whether exceptions to the exhaustion requirement continue to exist after *Woodford*.

**B.    Application**

In his complaint, plaintiff indicates that he filed a grievance related to the incident on October 7, 2009, and states "see enclosed pages" as a response to the question on plaintiff's form complaint, "What was the final result of your grievance?" (Compl. ¶ 4(b)). However, nothing was attached to plaintiff's complaint. Defendant attached copies of the file associated with grievance WSH-6639-09, which he believes is incorporated by reference into the complaint, due to plaintiff's description of the events of October 7, 2009. (Def.'s Mot. to Dismiss at 3). Grievance WSH-6639-09 relates to incidents occurring on September 25, 2009, and October 7, 2009. (Dkt. No. 16-4, p. 5). Even though these incidents share the same grievance number, plaintiff views them as two separate grievances.[3] (*See* Pl.'s Resp., p. 4; Pl.'s Exs. A, B, Dkt No. 19-1, pp. 2, 4). In any event, whether there are two grievances or one, it is clear from plaintiff's own papers that his complaint was filed in federal court well before he filed his appeal to the CORC. *See* Pl.'s Ex. D.

Plaintiff apparently views Federal Court as an alternative forum for relief when he does not receive the response he seeks through the grievance program. Plaintiff

---

[3] It appears plaintiff is only seeking to assert claims relating to his alleged religious claims under the First Amendment in this civil rights action.

admits that he "chose to proceed to the Federal Court for relief, due to no actions taken by the administration[, which] failed to provide a resolution to this conflict." (Pl.'s Resp. p. 3). Plaintiff explains that only the subject matter of the grievance dated October 7, 2009, is before this court, and while other grievances were filed against defendant Chaplin, they are not at issue in the current action.[4] (Pl.'s Resp. pp. 3–4). Plaintiff also admits that he failed to exhaust his administrative remedies prior to filing his complaint by providing a timeline[5] in his response to defendant's Rule 12(b)(6) motion. (Pl.'s Resp. p. 6). Plaintiff's timeline indicates that he filed the grievance on October 7, 2009, received the "decision of his grievance on November 7, 2009, and appealed the decision to the Central Office Review Committee (CORC) within seven days.[6] (Pl.'s Resp. p. 6). Plaintiff's complaint was filed in federal court on October 20, 2009, well before plaintiff filed his appeal of his grievance with the CORC.

If a plaintiff has not properly exhausted available remedies before filing suit, the action must be dismissed. *See Burgos v. Craig*, 307 Fed. Appx. 469, 470 (2d Cir.

---

[4] Plantiff's response includes numerous arguments relating to alleged harassment of plaintiff by defendant. As discussed above, any allegations of harassment are not the subject of this civil rights action. In any event, even had plaintiff included them in the current civil rights action, he would not, without more, have been successful in stating a claim on which relief could be granted. Inmates have no constitutional right to be free from harassment. *Greene v. Mazzuca*, 485 F. Supp. 2d 447, 451 (S.D.N.Y. April 26, 2007) (citing *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998)). Verbal harassment, inexcusable as it may be, does *not* rise to the level of a constitutional violation. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996).

[5] As part of his response, plaintiff includes a timeline of when he filed grievances and when he received responses.

[6] Plaintiff attached a copy of his appeal to his response. (Pl.'s Ex. D, Dkt No. 19-1, p. 16). Plaintiff signed and dated the appeal to the CORC on November 9, 2009.

2008) ("completing the exhaustion requirements only after filing suit is insufficient"). Plaintiff attempts to establish special circumstances, stating that he was "disabled" from exhausting his remedies because of some sort of administrative cover-up. (Pl.'s Resp. p. 8).

Plaintiff's own timeline, included in his response, establishes that nothing and no one prevented plaintiff from exhausting his administrative remedies.   (*See* Pl.'s Resp. p. 6).  Plaintiff clearly indicates that he filed his grievance on October 7, 2009, there was an investigation on October 25, 2009, plaintiff received a response on his appeal to the superintendent on November 7, 2009, and he filed his appeal to the CORC on November 9, 2009.  *Id.*

Nowhere does plaintiff establish any hindrance by defendant or any special circumstances that justify his failure to exhaust his administrative remedies. Administrative remedies were available to plaintiff, as evidenced by his eventual appeal to the CORC.  Plaintiff's conclusory accusations against nameless administrators that are not named defendants, are insufficient to establish special circumstances that would excuse his failure to exhaust his administrative remedies. Plaintiff filed his complaint in federal court prematurely because he did not believe that he was getting the results he wanted, not because defendant, or anyone else, was preventing him from utilizing the grievance process.  Plaintiff had ample access to the grievance program, as evidenced by the other documents attached to his response. Therefore, plaintiff's action should be dismissed for failure to exhaust administrative remedies.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion for judgment on the pleadings (Dkt. No. 16) be **GRANTED and the complaint be DISMISSED WITHOUT PREJUDICE IN ITS ENTIRETY** based on plaintiff's failure to exhaust his administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 30, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge